# EXHIBIT C

# STATE COURT FILE

Electronically Filed - St Louis County - August 18, 2020 - 12:22 AM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

PREE C. MARTIN f/k/a )
PREE C. JETT, individually, and on )
Behalf of all others similarly situated, )
)
      Plaintiff, )   Case No.:
)
v. )   Division
)
LVNV FUNDING, LLC, )
)
Serve registered agent at: )
Corporation Service Company )
251 Little Falls Drive )
Wilmington, Delaware 19808 )
)
      Defendant. )

## CLASS ACTION PETITION

COMES NOW Plaintiff Pree C. Martin, formerly known as Pree C. Jett, individually, and on behalf of all others similarly situated, and for her Class Action Petition against Defendant LVNV Funding, LLC, states:

### Introduction, Parties, Jurisdiction and Venue

1.    This case is about requiring a debt buyer, LVNV Funding, to abide by simple rules before obtaining default judgments in Missouri courts. Missouri law requires a special process server to first be appointed by the Court to serve process. A default judgment is void if personal jurisdiction is premised on a return of service signed by a process server not appointed by the Court.

2.    This action derives from LVNV Funding's misuse of court process to obtain default judgments against Pree Jett and numerous other persons. LVNV Funding obtained default

judgments against Jett and the putative class members without first obtaining personal jurisdiction. The judgments are void.

3.      Plaintiff Pree C. Martin, formerly known as Pree C. Jett ("Jett") is an individual who resides in St. Louis County, Missouri.

4.      Defendant LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company who at all times material to this petition has been in good standing to transact business in Missouri.

5.      LVNV's primary line of business is purchasing charged-off debt for pennies on the dollar and collecting said debts.

6.      LVNV Funding regularly uses court process to collect debts.

7.      LVNV uses default judgments, transcripts of judgment and garnishments in Missouri courts as leverage to get consumers to pay debts it believes are owed to LVNV.

8.      A transcript of judgment acts as a lien on certain property the judgment debtor owns.

9.      Obtaining default judgments and recording transcripts of judgment are of value to LVNV as they increase the likelihood LVNV will be able to collect a debt.

10.     Obtaining default judgments and recording transcripts of judgment are of value to LVNV because it increases the value of the debt if it wishes to sell the debt to another debt buyer.

11.     Venue and Jurisdiction is proper in this Court because this Court is a court of competent jurisdiction to adjudicate the disputes at issue.

**The Jett Lawsuit**

12.     LVNV filed a lawsuit against Jett in the Associate Circuit Court of Jefferson County, Missouri., Case No. 10JE-AC00443 ("the lawsuit").

13.     LVNV alleged in the lawsuit that Jett owed a credit card debt to Sears and that LVNV "is the holder of a valid assignment" of the account.

14.     LVNV filed a request to appoint special process servers to serve Jett.

15.     Jett requested that the Court sign and approve its request to appoint the special process servers. A true and accurate copy of LVNV's request is attached as Exhibit 1.

16.     LVNV requested that Lawrence Roth, Richard Raymond, Marybeth Rice, James Bromeier, Mark Rauss, and Guy Denis be appointed as special process servers to serve Jett.

17.     The Court did not approve LVNV's request to appoint a special process server.

18.     On March 5, 2010, LVNV filed a return of service purporting to serve Jett's brother, "John Doe (Joe)." A true and accurate copy of the return of service is attached as Exhibit 2.

19.     The return of service was signed by special process server Mark Wilcox.

20.     Mark Wilcox was not appointed by the Court to serve process on Jett.

21.     On March 16, 2010, LVNV requested that a default judgment be entered against Jett.

22.     On March 16, 2010, the Court entered a default judgment against Jett for $2,546.61 plus court costs and post-judgment interest of 9% per annum. The judgment consisted of $2,014.04 in "Principal" and $502.57 in "interest." A true and accurate copy of the default judgment is attached as Exhibit 3.

23. Neither the Court nor the Court Clerk entered an order approving the appointment of the special process servers requested by LVNV to serve process. In other words, no process server was appointed by the Court or the Court Clerk to serve the summons and petition on Jett.

24. Even if the Court or the Court Clerk entered an order approving the appointment of LVNV's requested special process servers, Mark Wilcox would not have been appointed as his name was not included on LVNV's motion to appoint special process servers.

25. The March 16, 2010 judgment entered against Jett is void as a matter of law because Mr. Wilcox was not appointed to serve the summons and petition on Jett.

26. On February 25, 2014, LVNV filed a transcript of judgment. A true and accurate copy of the transcript of judgment is attached as Exhibit 4.

27. While the judgment is void a matter of law, on March 4, 2020, LVNV filed a "Motion for Revival of Judgment."

28. LVNV's motion requested that the judgment be revived in the amount of $4,300.34, plus court costs and interest accruing at 9% per annum.

29. LVNV subsequently served Jett with a show cause order to appear in court concerning LVNV's "Motion for Revival of Judgment."

30. Upon being served, Jett retained and paid counsel to respond to LVNV's "Motion for Revival of Judgment."

**Count I – Class and Individual Violations of the Missouri Merchandising Practices Act, §407.010, RSMo. *et seq.***

31. Jett incorporates the allegations of the previous paragraphs as if fully stated in this Count.

32. Jett seeks to represent a class of persons defined as follows:

All Missouri citizens as of the date of the filing of this Petition named by LVNV as defendants in collections actions in Missouri state courts and: (1) a default

4

judgment was taken; and, (2) in such action, the defendant was served by a person not appointed by the Court or Court Clerk to serve process; and, (3) from five years prior to the filing of this Counterclaim LVNV maintained a transcript of judgment against the person(s) who had the default judgment entered against them and/or caused any person to incur an out-of-pocket loss.

Excluded from the class are persons who, prior to entry of a default judgment, were served by a sheriff, served by a person appointed by the court or clerk to serve process, appeared personally in court, or had counsel appear on their behalf.

33.     LVNV represented in the collection lawsuits filed against Jett and the putative class members that Jett and the putative class members entered into financial agreements with various entities and owed money on said obligations. Said obligations were entered into primarily for personal, family or household purposes.

34.     The debts upon which LVNV sued Jett and the putative class members are "merchandise" as defined by §407.020 *et seq.*, RSMo. because the term includes "services" and "goods."

35.     LVNV and Jett and the putative class members agreed that the sales transactions, *i.e.*, the providing of a loan or other financial agreements, would not be complete until Jett and the putative class members paid in accordance with LVNV's payment demands.

36.     The financial agreements were not completed when LVNV engaged in the collection activities against Jett and the putative class members.

37.     LVNV's collection activities against Jett and the putative class members were undertaken in relation to the purported financial agreements provided by LVNV's assignors to Jett and the putative class members.

38.     LVNV's collection efforts against Jett and the putative class members were undertaken in an attempt to complete the various financial transactions.

39.     LVNV's collection efforts against Jett and the putative class members were part of its effort to enforce the terms of the various financial transactions.

40.     LVNV engaged in deceptive and/or unfair practices in violation of §407.020 *et seq.*, RSMo. and the regulations governing the Missouri Merchandising Practices Act by failing to obtain personal jurisdiction and taking default judgments and maintaining transcripts of judgment against Jett and the putative class members. Such conduct was undertaken in connection with the connection of the sale of the goods and/or services at issue.

41.     LVNV engaged in deceptive and/or unfair practices in violation of §407.020 *et seq.*, RSMo. and the regulations governing the Missouri Merchandising Practices Act by collecting monies and attempting to collect monies from Jett and the putative class members after default judgments were entered against them by maintaining transcripts of judgments and through other means even though the judgments are void. Such conduct was undertaken in connection with the connection of the sale of the goods and/or services at issue.

42.     The judgments entered against Jett and the putative class members are void as a matter of law and should be declared void by this Court. This Court should direct LVNV to set aside these judgments.

43.     Jett and the putative class members are entitled to recovery of actual damages and attorney's fees pursuant to §407.025.1, RSMo 2016.

44.     LVNV has acted on grounds generally applicable to the class by taking default judgments based on returns of service signed by special process servers who were not appointed by the Clerk or the Court to serve process and by subsequently maintaining transcripts of judgments. This makes injunctive or declaratory relief appropriate for Jett and the putative class members.

45.     On information and belief, there are numerous class members and joinder of all class members is impracticable.

46.     Jett's claims are typical of the claims of the putative class members.

47.     Common questions of law and fact apply to the class. These questions may include, but are not limited to:

a)      Whether LVNV's conduct as described in this Petition is governed by the Missouri Merchandising Practices Act;

b)      Whether LVNV improperly requested and obtained default judgments in Missouri courts;

c)      Whether LVNV improperly maintained transcripts of judgments;

d)      Whether persons who served process in collection actions brought by LVNV were appointed by the Court or Court Clerk to serve process;

e)      Whether LVNV's  conduct violates the Missouri Merchandising Practices Act and its corresponding regulations; and,

f)      Whether Jett and the putative class members are entitled to damages and attorney's fees under §407.025.1, RSMo. 2016.

48.     Jett will fairly and adequately represent the putative class members.

49.     Jett has retained counsel experienced in the prosecution of class actions, and Jett is committed to vigorously prosecuting the claims.

50.     Questions of law and fact common to the putative class members predominate over any questions of fact or law affecting any individual member of the putative class.

51.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

WHEREFORE Plaintiff Pree C. Jett, individually, and on behalf of all others similarly situated, requests that the Court enter judgment against Defendant LVNV Funding LLC in excess of $25,000.00 and grant the following relief:

a)      enter an order pursuant to Missouri Supreme Court Rule 52.08(b)(3) and/or 52.08(b)(2) certifying this action as a class action, and appointing Jett as class representative;

b)      enter an order appointing Butsch Roberts & Associates LLC and Joseph V. Neill as class counsel;

c)      enter judgment in favor of Jett and the class for all damages available under the Missouri Merchandising Practices Act, including actual damages, attorneys' fees, pre-judgment interest, post-judgment interest and costs incurred in bringing this action;

d)      enter an order or judgment declaring that the judgments entered against Jett and the class members are void as a matter of law and ordering LVNV to set aside all such judgments;

e)       award Jett and the class all expenses incurred in the litigation and require LVNV to pay the costs and expenses of class notice and administration; and,

f)      award Jett and the class all taxable court costs and any other relief that this Court deems just and proper.

## Count II – Unjust Enrichment

52.      Jett incorporates the allegations of the previous paragraphs as if fully stated in this Count.

53.      Jett seeks to represent a class of persons defined as follows:

All Missouri citizens as of the date of the filing of this Petition LVNV as defendants in collections actions in Missouri state courts and: (1) a default judgment was taken; and, (2) in such action, the defendant was served by a person not appointed by the Court or Court Clerk to serve process; and, (3) from five years prior to the filing of this Counterclaim LVNV maintained a transcript of judgment against the person(s)

8

Electronically Filed - St Louis County - August 18, 2020 - 12:22 AM

who had the default judgment entered against them and/or caused any person to incur an out-of-pocket loss.

Excluded from the class are persons who, prior to entry of a default judgment, were served by a sheriff, served by a person appointed by the court or clerk to serve process, appeared personally in court, or had counsel appear on their behalf.

54.     LVNV was enriched by maintaining default judgments and transcripts of judgments arising from its void default judgments and/or by monies collected while said judgments and transcripts of judgment were maintained by LVNV.

55.     LVNV's enrichment was at the expense of Jett and the putative class members.

56.     It would be unjust to allow LVNV to retain the benefit of the default judgments, transcripts of judgments and/or monies collected from Jett and the putative class members because it received these benefits under the guise that Missouri courts had personal jurisdiction over Jett and the putative class members when personal jurisdiction did not exist.

57.     Jett and the putative class members were damaged as a proximate result of LVNV obtaining/retaining said judgments and transcripts of judgment and/or receiving monies collected after said judgments were entered.

58.     LVNV has acted on grounds generally applicable to the class by taking default judgments based on returns of service signed by special process servers not appointed by the Clerk or the Court to serve process. This makes injunctive or declaratory relief appropriate for Jett and the putative class members.

59.     On information and belief, there are numerous class members and joinder of all class members is impracticable.

60.     Jett's claims are typical of the claims of the putative class members.

61.     Common questions of law and fact apply to the class. These questions may include, but are not limited to:

Electronically Filed - St Louis County - August 18, 2020 - 12:22 AM

(a)     Whether LVNV used individuals to serve process in collection suits who were not appointed by the Court of Court Clerk to serve process;

(b)     Whether the default judgments obtained by LVNV are void as a matter of law; and,

(c)     Whether it would be unjust to allow LVNV to retain the benefit of the default judgments, transcripts of judgments and/or subsequent monies collected.

62.     Jett will fairly and adequately represent the putative class members.

63.     Jett has retained counsel experienced in the prosecution of class actions, and Jett is committed to vigorously prosecuting the claims.

64.     Questions of law and fact common to the putative class members predominate over any questions of fact or law affecting any individual member of the putative class.

65.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

66.     Jett requests damages on behalf of herself and the putative class members in the amount LVNV was unjustly enriched by  improperly maintaining default judgments and transcripts of judgment against Jett and the putative class members.

67.     Jett requests that the Court enter an order on behalf of herself and the putative class members declaring the judgments void as a matter of law and ordering LVNV to set said judgments aside.

WHEREFORE Plaintiff Pree C. Jett, individually, and on behalf of all others similarly situated, requests that the Court enter judgment against LVNV Funding, LLC in excess of $25,000.00 and grant the following relief:

a)     enter an order pursuant to Missouri Supreme Court Rule 52.08(b)(3) and/or Rule 52.08(b)(2) certifying this action as a class action, and appointing Jett as class representative;

10

b)     enter an order appointing Butsch Roberts & Associates LLC and Joseph V. Neill as class counsel;

c)     enter judgment in favor of Jett and the class for all available damages and pre-judgment interest, post-judgment interest and costs incurred in bringing this action;

d)     enter an order or judgment declaring that the judgments entered against Jett and the class members are void as a matter of law and ordering LVNV to set aside all such judgments;

e)     award Jett and the class all expenses incurred in the litigation and require LVNV to pay the costs and expenses of class notice and administration; and,

f)     award Jett and the class all taxable court costs and any other relief that this Court deems just and proper.

**JURY TRIAL DEMANDED**

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
butsch@butschroberts.com
roberts@butschroberts.com

Joseph V. Neill #28472
5201 Hampton Avenue
St. Louis, Missouri 63109
(314) 353-1001(telephone)
(314) 353-0181(fax)
neill5300@aol.com

Attorneys for Plaintiffs

Electronically Filed - St. Louis County - August 18, 2020 - 12:22 AM

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSOURI
ASSOCIATE CIRCUIT DIVISION

LVNV FUNDING, LLC )
Assignee of Sears )
)
    Plaintiff, )
)
vs. ) Case No.
)
PREE C JETT )
)
)
)
    Defendant(s). )

FILED

JAN 2 5 2010

HOWARD WAGNER
CIRCUIT CLERK

## MOTION OF PLAINTIFF FOR APPOINTMENT
## OF PERSON TO SERVE PROCESS

    COMES NOW the Plaintiff, by its attorney and moves the Court to appoint Lawrence Roth, Richard Raymond, Marybeth Rice, James Bromeier, Mark Rauss, and Guy Denis of Services Rendered, Inc. to serve process on the Defendant(s). In support of its Motion, Plaintiff states as follows:

    1. The party who will serve the process in this case is over the age of eighteen and is not a party to this action.

    **WHEREFORE**, Plaintiff moves this Court for an Order appointing Lawrence Roth, Richard Raymond, Marybeth Rice, James Bromeier, Mark Rauss, and Guy Denis of Services Rendered, Inc. to serve process in this matter, and for such other and further relief as the Court deems just and proper.

                  BERMAN & RABIN, P.A.

                  J. Brock Rowatt #43325
                  Justin R. Harmon #62308
                  P. O. Box 33159
                  Kansas City, MO 64114
                  ATTORNEY FOR PLAINTIFF

R038247-11



# 20SL-CC04219

## IN THE 23RD JUDICIAL CIRCUIT COURT, JEFFERSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>RAYMOND H DICKHANER | Case Number: 10JE-AC00443 |
| Plaintiff/Petitioner:<br>LVNV FUNDING, L.L.C. | Plaintiff's/Petitioner's Attorney/Address:<br>JUSTIN R HARMON<br>BERMAN & RABIN PA<br>PO BOX 33159<br>KANSAS CITY, MO 64114 |
| vs. | |
| Defendant/Respondent:<br>PREE C JETT | Date, Time and Location of Court Appearance:<br>16-MAR-2010, 09:00 AM |
| Nature of Suit:<br>AC Breach of Contract | Division 11 Courtroom<br>P O BOX 100<br>HILLSBORO, MO 63050 |

**FILED**

**MAR 0 5 2010**

**HOWARD WAGNER**
**CIRCUIT CLERK**

(Date File Stamp)

### Associate Division Summons

The State of Missouri to: **PREE C JETT**
　　　　　　　　　　Alias:

**6601 OLD STATE ROUTE 21**
**BARNHART, MO 63012**



*COURT SEAL OF*

*JEFFERSON COUNTY*

　　　　　You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.

　　　　　If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

JANUARY 29, 2010　　　HOWARD WAGNER, CIRCUIT CLERK　　　SUSAN J. WILSON, DEPUTY CLERK

---

#### Sheriff's or Server's Return

**Note to serving officer:** Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name ) _____ (title).

☐ other_____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____　　　　　_____
Printed Name of Sheriff or Server　　　　　　　　　　　Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____　　　_____
　　　　　　　　　　　　　　Date　　　　　　　　　　　　　　　　　Notary Public

---

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-09) SM20 (ADSM) *For Court Use Only*: Document ID# 10-ADSM-548　　　　　1　　　　　517.041 RSMo

**STATE OF MISSOURI**
**County of Jefferson Associate**
Docket number 10JE-AC00443

**LVNV Funding LLC**

                Plaintiff,

vs.                                                              AFFIDAVIT OF SERVICE

**Pree C Jett,**

                Defendant,

_____/

I, Mark Wilcox affirm and depose that I am a Process Server 18 years of age or over who is not a party to the action.

I hereby certify and return that on 03/01/2010 at 4:42 PM, I served copies of the SUMMONS AND PETITION ASSOCIATE Personally upon **Pree C Jett** as articulated below.

By leaving a copy at the individual's dwelling place or usual place of abode with some person of his / her Family over the age of 15 to wit:

Name: **John Doe (Joe)**                      Title/Relation: **BROTHER**

Said service was effected at: **701 Horn, Saint Louis, MO 63125.**

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

Sex: **Male** Race: **White** Hair: **Brown** Height: **Medium** Weight: **Medium** Place: **House**

I certify that the foregoing statements made by me are true, correct and my free act and deed.

_____
Mark Wilcox

The foregoing affidavit sworn and subscribed before me today, March 02, 2010

_____        _____        _____
   Bridget Desimone                   Jaclyn S. Baker                    Sarah R. Roth

JobNo. 158764

*Fee For Service: $85.00*

SARAH R. ROTH
Notary Public - Notary Seal
STATE OF MISSOURI
St. Louis County
My Commission Expires: Aug. 11, 2012
Commission # 08617191

IN THE CIRCUIT COURT OF JEFFERSON COUNTY MISSOURI
ASSOCIATE CIRCUIT DIVISION

LVNV FUNDING, LLC )
Assignee of Sears )
 )
 Plaintiff, )
 vs. )
 )
PREE C JETT )
 )
 ) Case No. 10JE-AC00443
 Defendant(s). ) Division
 )
 )
 )
 )

### JUDGMENT ENTRY

NOW ON   March 16, 2010, Plaintiff Petition comes for hearing.  Plaintiff appears by and

through its attorneys of record.

_____ Defendant fails to appear and is in default

_____ Defendant appears and confesses judgment

The Court finds that the allegations of Plaintiff's Petition are true and correct and that Plaintiff

is entitled to judgment against the Defendant(s) in the following amounts:

| | |
|---|---|
| Principal | $2,014.04 |
| Interest | $502.57 |
| **Total** | **$2,546.61** |

and costs.

It is therefore; **ORDERED, ADJUDGED AND DECREED** that the Plaintiff have and

recover of and from the Defendant(s), the total sum of $2,546.61, plus interest at 9% per annum

on the principal amount only from and after this date of judgment, and costs and let execution

issue therefore.



3/16/2010

_____
JUDGE

PJE.MO
R038247-11

Electronically Filed - St Louis County - August 18, 2020 - 12:22 AM

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSOURI

LVNV FUNDING, LLC

VS.

PREE C JETT

NO. 10JE-AC00443

☐ CIRCUIT JUDGE

✘ ASSOCIATE CIRCUIT JUDGE

☐ SMALL CLAIMS

## MEMORANDUM TO DEPARTMENT OF CIVIL RECORDS
### INSTRUCTIONS FOR ALIAS SUMMONS
☐ **PRIVATE PROCESS**     ☐ **CIVIL PROCESS**

☐ **ISSUE ALIAS SUMMONS TO DEFENDANT**_____

_____

_____

_____
COUNTY OF SERVICE ADDRESS

**CASE CONTINUED TO:** _____

✘**PREPARE TRANSCRIPT OF JUDGMENT** ☐ AUTHENTICATED ☐ CERTIFIED ✘RECORD AS LIEN ☐W/LETTER

## REQUESTED BY

*/s/ J. Brock Rowatt*

**J. Brock Rowatt, #43325**
NAME OF ☐CREDITOR ✘ATTORNEY & BAR NO.
**PO BOX 480707**
ADDRESS
**Kansas City, MO 64148**
CITY    STATE    ZIP

SIGNATURE
**816-361-4848**
PHONE
**February 25, 2014**
DATE

R038247-90

Electronically Filed - St Louis County - August 18, 2020 - 12:22 AM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

⌐　　　　　　　　　　　¬

For File Stamp Only

_PREE C. MARTIN f/k/a PREE C. JETT_
Plaintiff/Petitioner

__August 17, 2020__
Date

_____
Case Number

vs.

_____
Division

_LVNV FUNDING, LLC_
Defendant/Respondent

L　　　　　　　　　　　 ⌐

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _Plaintiff Pree C. Martin f/k/a Pree C. Jett_ , pursuant
　　　　　　　　　Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

_Daniel Newcomb_　　　　_3516 Silverside Rd. Wilmington, DE_　　　_302-429-0657_
Name of Process Server　　　　Address　　　　　　　　　　　　　Telephone

_Sharlene Ryan_　　　　　_3516 Silverside Rd. Wilmington, DE_　　　_302-429-0657_
Name of Process Server　　　　Address or in the Alternative　　　　Telephone

_____　　_____　　_____
Name of Process Server　　　　Address or in the Alternative　　　　Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties. This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:　　　　　　　　　　　　　　SERVE:

_Registered Agent - Corporation Service Company_　　_____
Name　　　　　　　　　　　　　　　Name
_251 Little Falls Drive_　　　　　　　_____
Address　　　　　　　　　　　　　　Address
_Wilmington, Delaware 19808_　　　　_____
City/State/Zip　　　　　　　　　　　City/State/Zip

SERVE:　　　　　　　　　　　　　　SERVE:

_____　　　　_____
Name　　　　　　　　　　　　　　　Name
_____　　　　_____
Address　　　　　　　　　　　　　　Address
_____　　　　_____
City/State/Zip　　　　　　　　　　　City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk　　　　_/s/ Christopher E. Roberts_
　　　　　　　　　　　　　　　　　Signature of Attorney/Plaintiff/Petitioner
　　　　　　　　　　　　　　　　　_61895_
By _____　　　　Bar No.
　　Deputy Clerk　　　　　　　　　　_231 S. Bemiston, Ste. 260 - 63105_
　　　　　　　　　　　　　　　　　Address
_____　　　　_(314) 863-5700_
Date　　　　　　　　　　　　　　　Phone No.　　　　　　　　Fax No.

CCADM62-WS　Rev. 08/16

Electronically Filed - St Louis County - August 18, 2020 - 12:22 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>NANCY WATKINS MCLAUGHLIN | **Case Number:  20SL-CC04219** |
| Plaintiff/Petitioner:<br>PREE C MARTIN | Plaintiff's/Petitioner's Attorney/Address:<br>CHRISTOPHER ELISHA ROBERTS<br>SUITE 200<br>231 SOUTH BEMISTON AVE.<br>CLAYTON, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br>LVNV FUNDING, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Other Tort | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  LVNV FUNDING, LLC
                     Alias:
R/A COPRORATION SERVICE COMPANY
WILMINGTON, DE  19808



**COURT SEAL OF**

**ST. LOUIS COUNTY**

        **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading to the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**
        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>26-AUG-2020</u>
**Date**
**Further Information:**
**MG**

_____
**Clerk**

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
☐ other (describe) _____.
Served at _____ (address).
in _____ County, _____ (state), on _____ (date) at _____ (time).
_____
     Printed Name of Sheriff or Server                         Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                ☐ the judge of the court of which affiant is an officer.
                ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                   (use for out-of-state officer)
                ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
                                   Signature and Title

| **Service Fees, if applicable** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

*See the following page for directions to clerk and to officer making return on service of summons.*

# Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States. If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court. The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

## Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Job # 4831420
Ref # 20SL-CC04219

# Affidavit of Process Server

In The 21st Judicial Circuit Court in and for St. Louis County, Missouri
(NAME OF COURT)

| Pree C. Martin | VS | LVNV Funding, LLC | 20SL-CC04219 |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

I Sharlene Brooks, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized to perform said service.

Service: I served _____ LVNV Funding, LLC _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) Summons; Notice of Alternative Dispute Resolution Services; Class Action Petition with Exhibits (Received Aug 31, 2020 at 3:45pm EDT)

by leaving with _____ Lynanne Gares , Litigation Management Services Leader authorized to accept _____
NAME/RELATIONSHIP/TITLE

Service Address: _____ Corporation Service Company, Registered Agent 251 Little Falls Drive, Wilmington, DE 19808 _____

On _____ Tue, Sep 01 2020 _____ AT _____ 01:30 PM _____
        DATE                                              TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
                                                                                    DATE

from _____
        CITY              STATE              ZIP

Manner of Service:
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of 18 and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☒ **Corporate:** By personally delivering copies to the person named above.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.
☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ **Unknown at Address** ☐ **Moved, Left no Forwarding** ☐ **Service Cancelled by Litigant** ☐ **Unable to Serve in Timely Fashion**
☐ **Address Does Not Exist** ☐ **Other** _____

**Description:** Age 35 Sex Female Race Caucasian Height 5'7" Weight 135 Hair Brown Beard ____ Glasses ____

Date: September 03, 2020 _____

_____
SIGNATURE OF PROCESS SERVER

Subscribed and sworn before me a Notary Public of the State of Delaware on September 03, 2020 (Date)

_____
SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the State of Delaware

KIMBERLY J. RYAN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires March 31, 2024



Search for Cases by: [Select Search Method...        ▾]

Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print          GrantedPublicAccess  Logoff JAMESMORRIS

**20SL-CC04219 - PREE C MARTIN V LVNV FUNDING, LLC (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**          Sort Date Entries: ◉          Display Options:
**Click here to Respond to Selected Documents**          Descending          [All Entries        ▾]
                                                         ○ Ascending

---

**09/15/2020**  ☐ **Affidavit Filed**
                    Affidavit of Service.
                        **Filed By:** CHRISTOPHER ELISHA ROBERTS
                        **On Behalf Of:** PREE C MARTIN

**08/26/2020**  ☐ **Summ Issd- Circ Pers Serv O/S**
                    Document ID: 20-SMOS-787, for LVNV FUNDING, LLC.Summons Attached in PDF Form for Attorney
                    to Retrieve from Secure Case.Net and Process for Service.

**08/18/2020**  ☐ **Filing Info Sheet eFiling**
                        **Filed By:** CHRISTOPHER ELISHA ROBERTS

                ☐ **Motion Special Process Server**
                    Request for Special Process Server.
                        **Filed By:** CHRISTOPHER ELISHA ROBERTS
                        **On Behalf Of:** PREE C MARTIN

                ☐ **Pet Filed in Circuit Ct**
                    Petition; Exhibit 1; Exhibit 2; Exhibit 3; Exhibit 4.

                ☐ **Judge Assigned**
                    DIV 21

---

Case.net Version 5.14.0.18          Return to Top of Page          Released 09/01/2020