IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| PREE C. MARTIN f/k/a ) | |
| PREE C. JETT, individually, and on ) | |
| Behalf of all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | Division |
| ) | |
| LVNV FUNDING, LLC, ) | |
| ) | |
| Serve registered agent at: ) | |
| Corporation Service Company ) | |
| 251 Little Falls Drive ) | |
| Wilmington, Delaware 19808 ) | |
| ) | |
| Defendant. ) | |

**CLASS ACTION PETITION**

COMES NOW Plaintiff Pree C. Martin, formerly known as Pree C. Jett, individually, and on behalf of all others similarly situated, and for her Class Action Petition against Defendant LVNV Funding, LLC, states:

**Introduction, Parties, Jurisdiction and Venue**

1. This case is about requiring a debt buyer, LVNV Funding, to abide by simple rules before obtaining default judgments in Missouri courts. Missouri law requires a special process server to first be appointed by the Court to serve process. A default judgment is void if personal jurisdiction is premised on a return of service signed by a process server not appointed by the Court.

2. This action derives from LVNV Funding's misuse of court process to obtain default judgments against Pree Jett and numerous other persons. LVNV Funding obtained default

judgments against Jett and the putative class members without first obtaining personal jurisdiction. The judgments are void.

3. Plaintiff Pree C. Martin, formerly known as Pree C. Jett ("Jett") is an individual who resides in St. Louis County, Missouri.

4. Defendant LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company who at all times material to this petition has been in good standing to transact business in Missouri.

5. LVNV's primary line of business is purchasing charged-off debt for pennies on the dollar and collecting said debts.

6. LVNV Funding regularly uses court process to collect debts.

7. LVNV uses default judgments, transcripts of judgment and garnishments in Missouri courts as leverage to get consumers to pay debts it believes are owed to LVNV.

8. A transcript of judgment acts as a lien on certain property the judgment debtor owns.

9. Obtaining default judgments and recording transcripts of judgment are of value to LVNV as they increase the likelihood LVNV will be able to collect a debt.

10. Obtaining default judgments and recording transcripts of judgment are of value to LVNV because it increases the value of the debt if it wishes to sell the debt to another debt buyer.

11. Venue and Jurisdiction is proper in this Court because this Court is a court of competent jurisdiction to adjudicate the disputes at issue.

**The Jett Lawsuit**

12. LVNV filed a lawsuit against Jett in the Associate Circuit Court of Jefferson County, Missouri., Case No. 10JE-AC00443 ("the lawsuit").

13. LVNV alleged in the lawsuit that Jett owed a credit card debt to Sears and that LVNV "is the holder of a valid assignment" of the account.

14. LVNV filed a request to appoint special process servers to serve Jett.

15. Jett requested that the Court sign and approve its request to appoint the special process servers. A true and accurate copy of LVNV's request is attached as Exhibit 1.

16. LVNV requested that Lawrence Roth, Richard Raymond, Marybeth Rice, James Bromeier, Mark Rauss, and Guy Denis be appointed as special process servers to serve Jett.

17. The Court did not approve LVNV's request to appoint a special process server.

18. On March 5, 2010, LVNV filed a return of service purporting to serve Jett's brother, "John Doe (Joe)." A true and accurate copy of the return of service is attached as Exhibit 2.

19. The return of service was signed by special process server Mark Wilcox.

20. Mark Wilcox was not appointed by the Court to serve process on Jett.

21. On March 16, 2010, LVNV requested that a default judgment be entered against Jett.

22. On March 16, 2010, the Court entered a default judgment against Jett for $2,546.61 plus court costs and post-judgment interest of 9% per annum. The judgment consisted of $2,014.04 in "Principal" and $502.57 in "interest." A true and accurate copy of the default judgment is attached as Exhibit 3.

3

23. Neither the Court nor the Court Clerk entered an order approving the appointment of the special process servers requested by LVNV to serve process. In other words, no process server was appointed by the Court or the Court Clerk to serve the summons and petition on Jett.

24. Even if the Court or the Court Clerk entered an order approving the appointment of LVNV's requested special process servers, Mark Wilcox would not have been appointed as his name was not included on LVNV's motion to appoint special process servers.

25. The March 16, 2010 judgment entered against Jett is void as a matter of law because Mr. Wilcox was not appointed to serve the summons and petition on Jett.

26. On February 25, 2014, LVNV filed a transcript of judgment. A true and accurate copy of the transcript of judgment is attached as Exhibit 4.

27. While the judgment is void a matter of law, on March 4, 2020, LVNV filed a "Motion for Revival of Judgment."

28. LVNV's motion requested that the judgment be revived in the amount of $4,300.34, plus court costs and interest accruing at 9% per annum.

29. LVNV subsequently served Jett with a show cause order to appear in court concerning LVNV's "Motion for Revival of Judgment."

30. Upon being served, Jett retained and paid counsel to respond to LVNV's "Motion for Revival of Judgment."

**Count I – Class and Individual Violations of the Missouri Merchandising Practices Act, §407.010, RSMo. *et seq.***

31. Jett incorporates the allegations of the previous paragraphs as if fully stated in this Count.

32. Jett seeks to represent a class of persons defined as follows:

All Missouri citizens as of the date of the filing of this Petition named by LVNV as defendants in collections actions in Missouri state courts and: (1) a default

4

judgment was taken; and, (2) in such action, the defendant was served by a person not appointed by the Court or Court Clerk to serve process; and, (3) from five years prior to the filing of this Counterclaim LVNV maintained a transcript of judgment against the person(s) who had the default judgment entered against them and/or caused any person to incur an out-of-pocket loss.

Excluded from the class are persons who, prior to entry of a default judgment, were served by a sheriff, served by a person appointed by the court or clerk to serve process, appeared personally in court, or had counsel appear on their behalf.

33. LVNV represented in the collection lawsuits filed against Jett and the putative class members that Jett and the putative class members entered into financial agreements with various entities and owed money on said obligations. Said obligations were entered into primarily for personal, family or household purposes.

34. The debts upon which LVNV sued Jett and the putative class members are "merchandise" as defined by §407.020 *et seq.*, RSMo. because the term includes "services" and "goods."

35. LVNV and Jett and the putative class members agreed that the sales transactions, *i.e.*, the providing of a loan or other financial agreements, would not be complete until Jett and the putative class members paid in accordance with LVNV's payment demands.

36. The financial agreements were not completed when LVNV engaged in the collection activities against Jett and the putative class members.

37. LVNV's collection activities against Jett and the putative class members were undertaken in relation to the purported financial agreements provided by LVNV's assignors to Jett and the putative class members.

38. LVNV's collection efforts against Jett and the putative class members were undertaken in an attempt to complete the various financial transactions.

39.     LVNV's collection efforts against Jett and the putative class members were part of its effort to enforce the terms of the various financial transactions.

40.     LVNV engaged in deceptive and/or unfair practices in violation of §407.020 *et seq.*, RSMo. and the regulations governing the Missouri Merchandising Practices Act by failing to obtain personal jurisdiction and taking default judgments and maintaining transcripts of judgment against Jett and the putative class members. Such conduct was undertaken in connection with the connection of the sale of the goods and/or services at issue.

41.     LVNV engaged in deceptive and/or unfair practices in violation of §407.020 *et seq.*, RSMo. and the regulations governing the Missouri Merchandising Practices Act by collecting monies and attempting to collect monies from Jett and the putative class members after default judgments were entered against them by maintaining transcripts of judgments and through other means even though the judgments are void. Such conduct was undertaken in connection with the connection of the sale of the goods and/or services at issue.

42.     The judgments entered against Jett and the putative class members are void as a matter of law and should be declared void by this Court. This Court should direct LVNV to set aside these judgments.

43.     Jett and the putative class members are entitled to recovery of actual damages and attorney's fees pursuant to §407.025.1, RSMo 2016.

44.     LVNV has acted on grounds generally applicable to the class by taking default judgments based on returns of service signed by special process servers who were not appointed by the Clerk or the Court to serve process and by subsequently maintaining transcripts of judgments. This makes injunctive or declaratory relief appropriate for Jett and the putative class members.

45. On information and belief, there are numerous class members and joinder of all class members is impracticable.

46. Jett's claims are typical of the claims of the putative class members.

47. Common questions of law and fact apply to the class. These questions may include, but are not limited to:

   a) Whether LVNV's conduct as described in this Petition is governed by the Missouri Merchandising Practices Act;

   b) Whether LVNV improperly requested and obtained default judgments in Missouri courts;

   c) Whether LVNV improperly maintained transcripts of judgments;

   d) Whether persons who served process in collection actions brought by LVNV were appointed by the Court or Court Clerk to serve process;

   e) Whether LVNV's conduct violates the Missouri Merchandising Practices Act and its corresponding regulations; and,

   f) Whether Jett and the putative class members are entitled to damages and attorney's fees under §407.025.1, RSMo. 2016.

48. Jett will fairly and adequately represent the putative class members.

49. Jett has retained counsel experienced in the prosecution of class actions, and Jett is committed to vigorously prosecuting the claims.

50. Questions of law and fact common to the putative class members predominate over any questions of fact or law affecting any individual member of the putative class.

51. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

WHEREFORE Plaintiff Pree C. Jett, individually, and on behalf of all others similarly situated, requests that the Court enter judgment against Defendant LVNV Funding LLC in excess of $25,000.00 and grant the following relief:

a) enter an order pursuant to Missouri Supreme Court Rule 52.08(b)(3) and/or 52.08(b)(2) certifying this action as a class action, and appointing Jett as class representative;

b) enter an order appointing Butsch Roberts & Associates LLC and Joseph V. Neill as class counsel;

c) enter judgment in favor of Jett and the class for all damages available under the Missouri Merchandising Practices Act, including actual damages, attorneys' fees, pre-judgment interest, post-judgment interest and costs incurred in bringing this action;

d) enter an order or judgment declaring that the judgments entered against Jett and the class members are void as a matter of law and ordering LVNV to set aside all such judgments;

e) award Jett and the class all expenses incurred in the litigation and require LVNV to pay the costs and expenses of class notice and administration; and,

f) award Jett and the class all taxable court costs and any other relief that this Court deems just and proper.

### Count II – Unjust Enrichment

52. Jett incorporates the allegations of the previous paragraphs as if fully stated in this Count.

53. Jett seeks to represent a class of persons defined as follows:

> All Missouri citizens as of the date of the filing of this Petition LVNV as defendants in collections actions in Missouri state courts and: (1) a default judgment was taken; and, (2) in such action, the defendant was served by a person not appointed by the Court or Court Clerk to serve process; and, (3) from five years prior to the filing of this Counterclaim LVNV maintained a transcript of judgment against the person(s)

Electronically Filed - St Louis County - August 18, 2020 - 12:22 AM

who had the default judgment entered against them and/or caused any person to incur an out-of-pocket loss.

Excluded from the class are persons who, prior to entry of a default judgment, were served by a sheriff, served by a person appointed by the court or clerk to serve process, appeared personally in court, or had counsel appear on their behalf.

54. LVNV was enriched by maintaining default judgments and transcripts of judgments arising from its void default judgments and/or by monies collected while said judgments and transcripts of judgment were maintained by LVNV.

55. LVNV's enrichment was at the expense of Jett and the putative class members.

56. It would be unjust to allow LVNV to retain the benefit of the default judgments, transcripts of judgments and/or monies collected from Jett and the putative class members because it received these benefits under the guise that Missouri courts had personal jurisdiction over Jett and the putative class members when personal jurisdiction did not exist.

57. Jett and the putative class members were damaged as a proximate result of LVNV obtaining/retaining said judgments and transcripts of judgment and/or receiving monies collected after said judgments were entered.

58. LVNV has acted on grounds generally applicable to the class by taking default judgments based on returns of service signed by special process servers not appointed by the Clerk or the Court to serve process. This makes injunctive or declaratory relief appropriate for Jett and the putative class members.

59. On information and belief, there are numerous class members and joinder of all class members is impracticable.

60. Jett's claims are typical of the claims of the putative class members.

61. Common questions of law and fact apply to the class. These questions may include, but are not limited to:

9

  (a)  Whether LVNV used individuals to serve process in collection suits who were not appointed by the Court of Court Clerk to serve process;

  (b)  Whether the default judgments obtained by LVNV are void as a matter of law; and,

  (c)  Whether it would be unjust to allow LVNV to retain the benefit of the default judgments, transcripts of judgments and/or subsequent monies collected.

  62.  Jett will fairly and adequately represent the putative class members.

  63.  Jett has retained counsel experienced in the prosecution of class actions, and Jett is committed to vigorously prosecuting the claims.

  64.  Questions of law and fact common to the putative class members predominate over any questions of fact or law affecting any individual member of the putative class.

  65.  A class action is superior to other methods for the fair and efficient adjudication of this controversy.

  66.  Jett requests damages on behalf of herself and the putative class members in the amount LVNV was unjustly enriched by improperly maintaining default judgments and transcripts of judgment against Jett and the putative class members.

  67.  Jett requests that the Court enter an order on behalf of herself and the putative class members declaring the judgments void as a matter of law and ordering LVNV to set said judgments aside.

  WHEREFORE Plaintiff Pree C. Jett, individually, and on behalf of all others similarly situated, requests that the Court enter judgment against LVNV Funding, LLC in excess of $25,000.00 and grant the following relief:

  a)  enter an order pursuant to Missouri Supreme Court Rule 52.08(b)(3) and/or Rule 52.08(b)(2) certifying this action as a class action, and appointing Jett as class representative;

  b)  enter an order appointing Butsch Roberts & Associates LLC and Joseph V. Neill as class counsel;

  c)  enter judgment in favor of Jett and the class for all available damages and pre-judgment interest, post-judgment interest and costs incurred in bringing this action;

  d)  enter an order or judgment declaring that the judgments entered against Jett and the class members are void as a matter of law and ordering LVNV to set aside all such judgments;

  e)   award Jett and the class all expenses incurred in the litigation and require LVNV to pay the costs and expenses of class notice and administration; and,

  f)  award Jett and the class all taxable court costs and any other relief that this Court deems just and proper.

**JURY TRIAL DEMANDED**

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ Christopher E. Roberts
David T. Butsch #37539
Christopher E. Roberts #61895
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
butsch@butschroberts.com
roberts@butschroberts.com

Joseph V. Neill #28472
5201 Hampton Avenue
St. Louis, Missouri 63109
(314) 353-1001(telephone)
(314) 353-0181(fax)
neill5300@aol.com

Attorneys for Plaintiffs