UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PREE MARTIN f/k/a PREE JETT, individually, and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:20-cv-01414-MTS<br>)<br>) |
| LVNV FUNDING, LLC, | )<br>) |
| Defendant. | )<br>) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND
ACTION TO THE CIRCUIT COURT OF ST. LOUIS COUNTY**

**I.    Introduction**

Plaintiff filed a class action petition against Defendant LVNV Funding, LLC ("LVNV") in The Circuit Court of St. Louis County, Missouri on August 18, 2020. [Doc. 6]. Plaintiff alleges LVNV violated the Missouri Merchandising Practices Act and was unjustly enriched by improperly taking default judgments against individuals in Missouri courts where no personal jurisdiction existed. More specifically, Plaintiff alleges LVNV obtained default judgments based on returns of service that were executed by special process servers not appointed to serve process as required by Missouri law.

LVNV removed the case to this Court on October 1, 2020. [Doc. 1]. As the sole basis for invoking the subject matter jurisdiction of this Court, LVNV asserts "[r]emoval is warranted under 28 U.S.C. § 1332 because complete diversity of citizenship exists, and the amount in controversy exceeds $75,000." [Doc. 1, ¶ 3]. LVNV contends that the amount in controversy will exceed $75,000 "if Plaintiff obtains the class certification she (*sic*) is seeking." *Id.* at ¶ 8. As discussed

below, LVNV's notice of removal fails to demonstrate diversity of citizenship between the parties or that the amount-in-controversy exceeds $75,000. For these reasons, the action should be remanded to the Circuit Court of St. Louis County, Missouri.

## II. Legal Standard.

As federal courts are courts of limited jurisdiction, "removal statutes are strictly construed and all doubts about the propriety of removal must be resolved in favor of remand." *Jackson v. Fitness Resource Group, Inc.*, No. 12-CV-986-DDN, 2012 WL 2873668, at *2 (E.D. Mo. July 12, 2012) (citing *Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operation, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009)). The defendant bears the burden of proof in establishing that the federal court has subject matter jurisdiction. *Id.* "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)). This requires the removing party to cite "specific facts or evidence" showing that the amount in controversy has been met. *Hill v. Ford Motor Co.*, 324 F. Supp.2d 1028, 1036 (E.D. Mo. 2004).

Before considering the merits of a case, the court must first determine that it has jurisdiction over the matter at hand. *Phelps v. Schwab*, No. 1:12-CV-9, 2012 WL 1279932, at *1 (E.D. Mo. Apr. 16, 2012). A plaintiff may move to remand "any time before final judgment if it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §1447. "[T]he case must be remanded if it appears that the district court lacks subject matter jurisdiction." *Bumpus v. United Conveyor Corp.*, No. 1:09-CV-171, 2010 WL 431794, at *1 (E.D. Mo. Feb. 2, 2010).

## III. Argument

LVNV does not establish the two fundamental requirements of diversity jurisdiction, namely, that the amount-in-controversy exceeds $75,000 and that the parties are of diverse

citizenship. Contrary to the assertions in LVNV's notice of removal, it has long been recognized that claims of putative class members cannot be aggregated to meet the $75,000.00 amount-in-controversy requirement. Furthermore, because LVNV is a limited liability company, its citizenship is determined by the citizenship of its members. The notice of removal contains no evidence or allegations of the citizenship of LVNV's members. For these reasons, the action should be remanded to the Circuit Court of St. Louis County.

    **A.    LVNV fails to satisfy the $75,000 amount-in-controversy requirement as class claims cannot be aggregated.**

In support of its claim that the amount in controversy exceeds $75,000, LVNV alleges "if Plaintiff obtains the class certification he is seeking, the amount in controversy will be in excess of $75,000." [Doc. 1, ¶ 8].[1]

However, the Eighth Circuit and other courts recognize that claims of individual class members cannot be aggregated to satisfy the amount-in-controversy requirement for diversity jurisdiction. As explained by the Eighth Circuit:

> This circuit has recently affirmed the rule of *Zahn v. International Paper Co.,* 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), holding that individual class members' distinct claims for actual damages may not be aggregated to satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction. *Trimble v. Asarco, Inc.,* 232 F.3d 946 (8th Cir.2000). We now reach similar holdings with respect to claims for punitive damages, restitution, and attorney fees.

*Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 765 (8th Cir. 2001); *See also Kessler v. Nat'l Enterprises, Inc.*, 347 F.3d 1076 (8th Cir. 2003); *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 717 (7th Cir. 2012)("[t]he general rule is that the claims of multiple litigants cannot be

---

1. Notably, LNV did not invoke as a basis for removal the Class Action Fairness Act of 2005 (CAFA). CAFA provides for rules and procedures related to removal of class Actions. 28 U.S.C. § 1453.

3

aggregated to reach the jurisdictional amount in controversy."). As claims of individual class members cannot be aggregated, LVNV falls far short of the $75,000 amount-in-controversy threshold.

The individual claim asserted by Plaintiff Pree Martin is far less than $75,000, and Defendant has not set forth any evidence to the contrary.[2] She alleges a default judgment was entered against her for $2,546.61 and that LVNV later attempted to revive that judgment in the amount of $4,300.34. [Doc. 6, ¶¶ 22-30]. She does not allege the judgment was paid. As a damage, she alleges she retained and paid counsel to respond to the motion to revive judgment. Given the relatively modest amount of the judgment, it is very unlikely the amount she paid an attorney to address the motion to revive would be more than several thousand dollars. In short, Plaintiff's claim falls far short of the $75,000 amount-in-controversy requirement.

**B.      LVNV's notice of removal fails to show the parties are of diverse citizenship.**

LVNV alleges in its notice of removal that the parties are of diverse citizenship. In particular, LVNV alleges that "Defendant is a Delaware limited liability company with its principal place of business in South Carolina, which Plaintiff is a resident of Missouri." [Doc. 1, ¶ 7].

However, the citizenship of a limited liability company is not determined by the location of its principal place of business or the state where it was organized. Rather, "[a]n LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Solutions, LLC v. Borchert,* 486 F.3d 342, 346 (8th Cir.2007) (citing *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 829 (8th Cir.2004)).

---

2. Plaintiff stipulates that she will not seek greater than $75,000 on her individual claim.

Here, because LVNV has made no allegations nor produced any evidence as to the citizenship of its members, there is no basis for diversity jurisdiction. *See Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis,* 893 F.2d 968, 969 (8th Cir. 1990) (pleadings must set forth with specificity the citizenship of the parties to establish diversity jurisdiction).

**IV.     Conclusion**

For the reasons stated herein, Plaintiff requests that the Court remand this case to the Circuit Court of St. Louis County and grant such additional relief as is just and proper in the premises.

**BUTSCH ROBERTS & ASSOCIATES LLC**

By: /s/ David T. Butsch
David T. Butsch #37539MO
Christopher E. Roberts #61895MO
231 South Bemiston Ave., Suite 260
Clayton, MO 63105
(314) 863-5700 (telephone)
(314) 863-5711 (fax)
Butsch@ButschRoberts.com
Roberts@ButschRoberts.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2020, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ David T. Butsch