# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

PREE C. MARTIN f/k/a )
PREE C. JETT, individually, and on behalf )
of all others similarly situated, )
                                 )
      Plaintiff, )      Case No.: 4:20-CV-01414-MTS
                                 )
v. )
                                 )
LVNV FUNDING, LLC, )
                                 )
      Defendant. )

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER THE COURT'S RULING ON DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS NOTICE OF REMOVAL

Defendant sought leave to amend its original notice of removal to include grounds for jurisdiction not previously asserted. Defendant's motion was granted.[1] Plaintiff respectfully requests that the Court reconsider its ruling. This Court and other courts have ruled that while 28 U.S.C. § 1563 allows a defendant to clarify jurisdictional allegations by amendment, it does not permit a defendant to add completely new grounds for removal. Defendant's motion should therefore be denied.

## I.    Argument

Defendant sought leave to amend its notice of removal, in part, because it claims it "imperfectly" invoked this Court's jurisdiction under the Class Action Fairness Act ("CAFA"). [Doc. 19, pp. 2-3]. But, Defendant did not refer to CAFA, directly or indirectly, in its original notice of removal. There was no mention of CAFA's $5 million amount-in-controversy

---

[1] Defendant's motion was filed October 23, 2020 and granted October 26, 2020. [Docs. 18, 20]. Plaintiff's deadline to respond to Defendant's motion was November 6, 2020. *See* E.D.Mo. L.R. 4.01(B).

requirement. Instead, Defendant relied exclusively on the jurisdictional requirements of 28 U.S.C. § 1332(a), *i.e.*, complete diversity and the amount-in-controversy exceeding $75,000. Doc. 1, ¶¶ 3, 6, 8-9. Removing a case under traditional diversity principles is a completely different ground for removal than removing a case under CAFA. *Compare* 28 U.S.C. § 1332(a) *with* 28 U.S.C. § 1332(d).

A notice of removal cannot be amended to add additional grounds for removal not stated in the original notice. *City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013). Judge Limbaugh held in *Bindan Corp.*:

> Although a notice may be amended after the 30 day period [for removal], the notice can only be amended to add specific facts supporting the originally stated grounds for removal or to clarify the grounds for removal as stated in the original notice. The amendment cannot add new grounds for removal once the 30 day period has expired.

*Id.*

Defendant sought to amend its Notice to add new bases for removal more than 30 days after being served. [Doc. 1, ¶ 2 (noting Defendant was served on September 1, 2020)]. On October 23, 2020, for the first time,, Defendant argued removal is proper under CAFA. [*Compare* Doc. 1 *with* Doc. 19, p. 3]. Defendant attempted to sidestep the fact it invokes CAFA for the first time by arguing that CAFA "is also part of § 1332" and suggesting that its bases for removal were "imperfectly stated." [Doc. 19, p. 3]. While CAFA is in fact a subsection of Section 1332, Defendant's suggestion that it invoked CAFA strains credulity. Defendant's notice of removal states:

> Removal is warranted under 28 U.S.C. § 1332 because complete diversity of citizenship exists, and **the amount in controversy exceeds $75,000**. . . .

> Under 28 U.S.C. § 1332, this Court has original jurisdiction over all claims between citizens of different states **when the amount in controversy is over $75,000.00**. . .

Additionally, if Plaintiff **obtains the class certification she (*sic*) is seeking, the amount in controversy will be in excess of $75,000**.

Accordingly, this action is between citizens of different states, and **there is more than $75,000 in controversy**, thereby conferring jurisdiction on this Court pursuant to 28 U.S.C. § 1332.

[Doc. 1, ¶¶ 3, 6, 8-9 (emphasis added)]. There is no reference in the notice to CAFA's $5 million amount-in-controversy requirement.

It is Section 1332(a), not CAFA, Section 1332(d), that requires the amount-in-controversy to exceed $75,000.00. *Compare* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy **exceeds the sum or value of $75,000** . . . .) *with* 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy **exceeds the sum or value of $5,000,000** . . .) .

Had Defendant actually asserted there is more than $5 million in controversy, its motion for leave would have substantive merit. That would be an example of an "imperfectly stated" notice of removal.

Without reference to CAFA's amount-in-controversy requirement, Defendant's notice expressly and repeatedly contends the amount in controversy exceeds $75,000.00. [Doc. 1, ¶¶ 3, 6, 8-9]. Defendant did not "imperfectly state" its bases for removal. The basis was clear. Realizing its mistake, Defendant sought to change course and contend the amount in controversy exceeds $5 million as required by CAFA.

Other courts have held CAFA jurisdictional allegations cannot be raised for the first time more than 30 days after a case may be removed. *See Cooper v. United Auto Credit Corp.*, No. 09-346, 2009 WL 1010554 (D. Md. Apr. 14, 2009). The defendant in *Cooper* removed a class action lawsuit based on diversity under Section 1332(a). *Id.* at *1. Plaintiff moved to remand the case to

state court because the "amount in controversy requirement of the diversity statute could, not, as a matter of law, be shown." *Id.* In response to plaintiff's motion, the defendant requested leave to amend its notice of removal to "'clarify' that it actually intended to invoke federal jurisdiction" under CAFA. *Id.* The *Cooper* court denied defendant's request to amend its notice of removal and remanded the case, holding:

> Despite defendant's coy disclaimer, its proposed amendment of the notice of removal is not remotely intended to 'clarify' or to correct 'defective allegations of jurisdiction' 28 U.S.C. § 1653; rather it is clearly intended to assert a basis for federal jurisdiction that it wholly failed to assert in its earlier, timely notice of removal. A notice of removal may be amended more than thirty days after the time to remove has expired only to set out more specifically the grounds for removal that have already been stated, albeit imperfectly in the original notice. Completely new grounds for removal jurisdiction may not be added and missing allegations may not be furnished, however.

> Perhaps, under some circumstances, the court would be justified in deeming CAFA jurisdiction as simply a sub-species of diversity jurisdiction. In the instant notice of removal, however, defendant specifically: (1) alleges jurisdiction [based on complete diversity and the amount in controversy exceeding $75,000]; (2) alleges facts showing complete diversity; and specifically (3) alleges that the amount in controversy is reasonably expected to exceed $75,000. . . .

> For the reasons set forth, the motion to amend the notice of removal shall be denied and the motion to remand shall be granted.

*Id.* (footnote included in blockquote and internal quotations and citations omitted).

Likewise, in *Geismann v. Aestheticare*, LLC, 622 F.Supp.2d 1091 (D. Kan. 2008), the court held that the defendant could not amend its original notice of removal to invoke CAFA jurisdiction. As in the present case, the defendant in *Geismann* attempted to amend its notice of removal to include allegations, under CAFA, that the amount-in-controversy exceeded $5 million. *Id.* at 1095. The court explained that while 28 U.S.C. Section 1653 "allows a defendant to cure technical defects in a notice of removal, it does not allow for the addition of a new ground for removal." *Id.*. The *Geismann* court denied the defendant's motion to amend: "[b]ecause Section 1653 does not

permit the addition of a new ground for removal through amendment of the notice of removal, the Court overrules [defendant's] motion to amend the notice of removal." *Id*. at 1099.

This case is on all fours with *Cooper and Geismann*, and this Court should reach the same holding. Like the defendants in *Cooper* and *Geismann*, Defendant removed this case asserting the parties were completely diverse and the amount in controversy exceeded $75,000. Moreover, like the defendants in *Cooper* and *Geismann*, Defendant did not remotely invoke CAFA. This Court should also reject Defendant's attempt to rewrite history. Defendant's untimely attempt to assert a new basis to invoke federal jurisdiction should be denied.

Defendant relies on the decision in *Roberts v. Panhandle Eastern Pipe Line Co*., 737 F.Supp. 545 (W.D. Mo. 1990) for the proposition that a notice of removal may be amended to "to state more specifically a ground for removal which is already imperfectly stated." [Doc. 19, p. 2]. In *Roberts*, the court permitted the defendant to amend its notice of removal to specifically state the principal place of its business. *Id*. at 548. Unlike the present case, the defendant in *Roberts* did not attempt to assert a new basis for jurisdiction, but only sought to clarify allegations related to a previously asserted basis of jurisdiction. The *Roberts* decision simply does not apply to the present circumstances.

## II.     Conclusion

For the foregoing reasons, Plaintiff's motion to reconsider the Court's ruling on Defendant's motion for leave to amend its notice of removal should be granted.

**BUTSCH ROBERTS & ASSOCIATES LLC**


By: /s/ David T. Butsch
    David T. Butsch #37539MO
    Christopher E. Roberts #61895MO
    231 South Bemiston Ave., Suite 260
    Clayton, MO 63105
    (314) 863-5700 (telephone)
    (314) 863-5711 (fax)
    butsch@butschroberts.com
    roberts@butschroberts.com

    Attorneys for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2020, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.


    /s/David T. Butsch