UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PREE C. MARTIN, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:20-cv-01414-MTS |
| LVNV FUNDING, LLC, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Pree Martin's Motion to Remand, Doc. [11], and Defendant LVNV Funding, LLC's ("LVNV") Motion for Leave to Amend Notice of Removal, Doc. [18]. Plaintiff argues that Defendant's Notice of Removal ("NOR"), Doc. [1], is deficient because LVNV failed to satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332, and she further contends that the Court should not permit LVNV to amend its Notice of Removal. The Court agrees, so it grants Plaintiff's Motion and will remand the case to the state court.

### I.  BACKGROUND

Plaintiff, on August 18, 2020, filed this putative class action in Missouri state court, claiming that LVNV "violated the Missouri Merchandising Practices Act and was unjustly enriched by improperly taking default judgments against individuals in Missouri courts where no personal jurisdiction existed." Doc. [12] at 1; *see* Doc. [6]. LVNV then removed the case to this Court on October 1, 2020. Doc. [1]. In its NOR, LVNV asserted that "[r]emoval is warranted under 28 U.S.C. § 1332 because complete diversity of citizenship exists, and the amount in controversy exceeds $75,000." *Id.* ¶ 3. In support of the diversity of the parties, LVNV stated that

1

it is a Delaware limited liability company with its principal place of business in South Carolina, while Plaintiff is a citizen of Missouri. *Id.* ¶ 7. In support of the amount-in-controversy requirement for diversity jurisdiction, LVNV contended that "if Plaintiff obtains the class certification [s]he is seeking, the amount in controversy will be in excess of $75,000." *Id.* ¶ 8. Based on that information, LVNV concluded that "this action is between citizens of different states, and there is more than $75,000 in controversy, thereby conferring jurisdiction on this Court pursuant to 28 U.S.C. § 1332." *Id.* ¶ 9. Plaintiff moved to remand the case to state court, arguing that class action claims cannot be aggregated to reach the $75,000 amount-in-controversy threshold, making defective LVNV's suggestion that the amount in controversy will exceed $75,000 "if Plaintiff obtains . . . class certification."[1] Docs. [11] ¶ 3; [12] at 3–4. Moreover, Plaintiff stipulated that she would not seek greater than $75,000 for her individual claim. Doc. [12] at 4 n.2. Thus, Plaintiff argues, LVNV did not establish the necessary amount in controversy, and the Court should remand the case to state court.

In response to Plaintiff's Motion to Remand, LVNV filed both an Opposition to the Motion, Doc. [17], as well as a Motion for Leave to Amend the NOR, Doc. [18].[2] In its Opposition, LVNV makes three principal arguments in support of its position that the Court should not remand the case: (1) that it has demonstrated the amount in controversy exceeds $75,000, as required by

---

[1] Plaintiff also asserted as a distinct ground for remand that LVNV did not establish that the parties are diverse, noting that LVNV is a limited liability company and as such its "citizenship is that of its members for diversity jurisdiction purposes." *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); Doc. [11] ¶ 4. LVNV did not allege the citizenships of its members, so, Plaintiff argued, it failed to establish the diversity of the parties.

[2] After the Court initially granted the Motion for Leave to Amend, *see* Doc. [20], Plaintiff moved the Court to reconsider that decision. Docs. [21] and [22]. The Court agreed with Plaintiff that its grant of the Motion for Leave to Amend was erroneous at that time, and it therefore vacated its Order granting LVNV leave to amend the NOR. Doc. [23]. For purposes of the instant Motions, the Court will treat Plaintiff's Motion to Reconsider and its Memorandum in Support of that Motion, Docs. [21] and [22], as Plaintiff's Response in Opposition to Defendant's Motion for Leave to Amend. *See* Doc. [23].

2

§ 1332(a), because the claims of potential class members may be aggregated "when the various potential plaintiffs have a common and undivided interest;" (2) that removal is alternatively justified under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which LVNV insists it invoked in its NOR by its general reference to 28 U.S.C. § 1332;[3] and (3) that the Court should grant LVNV's Motion for Leave to Amend the NOR so that LVNV can amend any alleged "technical deficienc[ies]." *See* Doc. [17] at 1–6. In its Motion for Leave to Amend the NOR, LVNV seeks to make two changes to its NOR: first, to properly establish its citizenship, and second, "to more directly cite to subpart d of § 1332, CAFA, which," according to LVNV, "will make the arguments in Plaintiff's Motion to Remand moot." Doc. [19] at 2–3.

In response to LVNV's arguments, Plaintiff urges that LVNV did not invoke CAFA and instead, by its repeated reference in the NOR to the $75,000 amount-in-controversy requirement, clearly relied on § 1332(a) in seeking to establish jurisdiction. Doc. [22] at 1–3. Thus, the Court should not permit LVNV to amend its NOR, Plaintiff contends, because LVNV's proposed amendment is not an attempt to merely clarify or correct a defective allegation of jurisdiction, but rather represents the assertion of a new basis for removal. *See id.* at 3–5. Finally, Plaintiff reiterates that the Court may not aggregate the claims of individual class members to satisfy the $75,000 amount-in-controversy threshold under § 1332(a). Doc. [24] at 1–2. LVNV thus failed in its NOR to establish this Court's subject matter jurisdiction, says Plaintiff, and the Court must remand the case.

## II.  LEGAL STANDARD

"To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'"

---

[3] LVNV conceded that it "did not cite specifically to CAFA" in its NOR. Doc. [17] at 1.

*Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). And, importantly, the Court must resolve doubts about its jurisdiction in favor of remand. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).

Under 28 U.S.C. § 1332(a), the Court has subject matter jurisdiction over cases where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship among the litigants. *In re Prempro*, 591 F.3d at 619–620. CAFA, meanwhile, grants federal district courts original jurisdiction over class action cases where "the class has more than 100 members, the parties are minimally diverse, and the amount in controversy exceeds $5 million." *Dart Cherokee*, 574 U.S. at 84–85 (citing 28 U.S.C. §§ 1332(d)(2), (5)(B)).

### III. DISCUSSION

There are three main issues relevant to the instant Motions: (1) whether LVNV invoked only 28 U.S.C. § 1332(a)—diversity jurisdiction—in its NOR, or whether it also or alternatively invoked CAFA, 28 U.S.C. § 1332(d); (2) if LVNV did not invoke CAFA in the NOR, whether the Court should permit LVNV to amend its NOR to include CAFA as a basis for removal; and (3) whether LVNV failed to establish that this Court has diversity jurisdiction under § 1332(a). The Court takes each of these issues in turn.

The first issue the Court must address is the ground on which LVNV based its removal. The answer to that question, the Court finds, is clear: the language of the NOR unambiguously invokes diversity jurisdiction under 28 U.S.C. § 1332(a), not jurisdiction under CAFA. Section 1332(a) provides, in relevant part, that "[t]he district Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

4

interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a) (emphasis added). To begin with, in the NOR LVNV did not mention CAFA by name or by specific citation to its statutory section, 28 U.S.C. § 1332(d). It also did not reference any of the requirements for jurisdiction under CAFA: that the matter in controversy exceeds $5,000,000, that there is minimal diversity, and that there are at least one-hundred members in the proposed class. *Dart Cherokee*, 574 U.S. at 84–85. Conversely, while the NOR also did not specifically cite to § 1332(a), it directly and repeatedly referred to the requirements for jurisdiction under that section: that there be complete, rather than minimal, diversity of citizenship, and the amount in controversy exceeds $75,000, not $5,000,000. See Doc. [1] ¶¶ 3, 6, 8–9; *cf. Cooper v. United Auto Credit Corp.*, 2009 WL 1010554, at *1 n.* (D. Md. Apr. 14, 2009) (finding defendant invoked § 1332(a), not CAFA, under similar circumstances). The Court finds that LVNV invoked diversity jurisdiction under § 1332(a) in its NOR; LVNV's failure to reference CAFA itself or any of its constituent requirements undermines LVNV's argument that its general citation to § 1332 should be read as an attempt to assert jurisdiction under CAFA.

Having decided that LVNV grounded the Court's jurisdiction only in § 1332(a), the next question the Court must confront is whether it should permit LVNV to amend its Notice of Removal. The Court concludes that it should not. A removing party may amend its NOR without leave of Court "during the 30 day period during which removal may be filed under 28 U.S.C. § 1446(b)." *Davis v. Citibank, N.A.*, 4:14-cv-1129-CDP, 2014 WL 6673520, at *3 (E.D. Mo. Nov. 24, 2014); *Ross v. Thousand Adventures of Iowa, Inc.*, 163 F. Supp. 2d 1044, 1048 (S.D. Iowa 2001). After that time elapses, under 28 U.S.C. § 1653, a removing party may amend its notice of removal to remedy "[d]efective allegations of jurisdiction." Such defects may include a failure to provide the facts underlying the asserted grounds for jurisdiction. However, § 1653 does not

include within its scope amendments that would add a new basis for removal, rather than merely clarifying or expounding on the grounds already asserted. *See Thousand Adventures of Iowa*, 163 F. Supp. 2d at 1048 ("After the first thirty days . . . 'the cases indicate that the petition may be amended only to set out more specifically grounds for removal that already have been stated, albeit imperfectly, in the original petition; new grounds may not be added . . . .'" (first omission in original) (quoting *Smiley v. Citibank*, 863 F. Supp. 1156, 1158 (C.D. Cal. 1993))); *Davis v. Life Investors Ins. Co. of Am.*, 214 F. Supp. 2d 691, 693–94 (S.D. Miss. 2002). The Court finds, as other district courts have, that jurisdiction under CAFA is a distinct ground for jurisdiction from diversity jurisdiction under § 1332(a). *See, e.g.*, *Cooper*, 2009 WL 1010554, at *1 (denying defendant's attempt to amend NOR to invoke CAFA where defendant based removal on § 1332(a)); *Geismann v. Aestheticare, LLC*, 622 F. Supp. 2d 1091, 10 (D. Kan. 2008) (finding "the fundamental differences between Sections 1332(a) and 1332(d) suggest that when the original notice of removal alleged jurisdiction only under Section 1332(a), asserting jurisdiction under Section 1332(a) in the amended [NOR] constitutes a new ground for removal"). As LVNV is outside the thirty-day period within which it may amend its NOR as a matter of right, it may only amend its NOR to cure a technical deficiency or clarify the facts supporting jurisdiction under § 1332(a), on which it removed the case. *City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013). But the Court will not allow LVNV to rewrite its NOR to assert CAFA as the basis for this Court's jurisdiction; doing so would permit LVNV to do more than simply amend a "defective allegation of jurisdiction." 28 U.S.C. § 1653. Accordingly, the Court denies LVNV's Motion to Amend its NOR.

The only issue remaining before the Court, then, is whether LVNV has established that this Court has diversity jurisdiction over this case. It has not. Plaintiff rightly points out that LVNV

insufficiently alleged its own citizenship; as an LLC, its citizenship is that of its members, and LVNV provided no information in its NOR regarding the citizenship of its members. *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Were that the only issue with the NOR, the Court might well permit LVNV to remedy it as a mere defective allegation of jurisdiction. But LVNV also falls short of demonstrating that the amount in controversy here exceeds $75,000, and that failure is fatal to LVNV's assertion that this Court has jurisdiction under § 1332(a).

It is well established that, in general, the distinct claims of individual class members in a class action may not be aggregated to meet the $75,000 amount-in-controversy requirement. *Am. Fam. Mut. Ins. Co. v. Vein Ctrs. for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 765 (8th Cir. 2001); *Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1078 (8th Cir. 2003). Yet that is precisely what LVNV purports to do in its NOR: "[I]f Plaintiff obtains . . . class certification . . . the amount in controversy will be in excess of $75,000." Doc. [1] ¶ 8. In arguing aggregation is proper here, LVNV relies on an exception to the nonaggregation rule clarified in *Zahn v. International Paper Co.*, 414 U.S. 291 (1973), that permits aggregation "when class members sue jointly to enforce a common title or right to which they have a common and undivided interest." *Kessler*, 347 F.3d at 1079 (citing *Zahn*, 414 U.S. at 294); *see also Strozier v. Eckley*, No. 18-00472-CV-W-ODS-2018, WL 4088080, at *2 (W.D. Mo. Aug. 27, 2018) (noting aggregation is proper only "if [the claims] are based on a 'common and undivided interest'" (quoting *Ahmed v. GCA Prod. Servs., Inc.*, 249 F.R.D. 322, 325 (D. Minn. 2008))). "An identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased." *Kessler*, 347 F.3d at 1079 (quoting *Sellers v. O'Connell*, 701 F.2d 575, 579 (6th Cir. 1983)); *Strozier*, 2018

7

WL 4088080, at *2. The claims of the putative class here do not arise out of a common and undivided interest. Plaintiff, in the Petition, alleges that LVNV violated the MMPA when it used special process servers not approved by the court to obtain returns of service that it then used to seek default judgments against the putative class members. Doc. [1] ¶¶ 12–44. While the class members' claims arise out of the same alleged conduct by LVNV, the amount of any one default judgment has nothing to do with the amount of any of the other default judgments entered against the class members. *Cf. Kessler*, 347 F.3d at 1079 ("If a class member recovers under her individual contract, it will have no effect on the amount another class member may recover on his individual contract."). In other words, the putative class members' claims are separate and distinct and are "cognizable, calculable, and correctable individually;" there is no "single indivisible res" at the center of the claims here. *See Travelers Prop. Cas. v. Good*, 689 F.3d 714, 719–20 (7th Cir. 2012); *Strozier*, 2018 WL 4088080, at *2 (rejecting argument claims should be aggregated because the "damages each may recover [do] not rise or fall based upon another's recovery"). The Court thus finds that the claims of this case do not fit within the "common and undivided interest" exception to the nonaggregation rule.

That being so, LVNV cannot rely on the aggregation of the claims of the putative class members to reach the jurisdictional threshold. Thus, the only possible basis for the Court's exercise of jurisdiction under § 1332(a) would be if Plaintiff's claim, by itself, exceeds $75,000. But LVNV has provided neither evidence nor argument that Plaintiff's claim exceeds that amount. As the removing party, LVNV "bears the burden of proving that the jurisdictional threshold is satisfied." *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020) (quoting *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009)). It has not carried that burden. As such, LVNV has failed to establish the requisite amount in controversy in this case, and it has thus failed to show that this

Court has jurisdiction under § 1332(a), on which LVNV based its removal. The Court therefore must grant Plaintiff's Motion to Remand and will remand the case back to state court.

## CONCLUSION

In its NOR, by repeated reference to the requirements of diversity jurisdiction, LVNV invoked jurisdiction under § 1332(a), not under CAFA. In seeking to amend the NOR to allege jurisdiction under CAFA, LVNV essentially asks the Court to permit it to assert a new ground for jurisdiction. But the thirty-day period prescribed by 28 U.S.C. § 1446(b) has passed, and thus it would be improper for LVNV to now assert a new jurisdictional basis for removal. Finally, LVNV has failed to establish that the amount in controversy here exceeds $75,000, and thus it has not carried its burden as the removing party of demonstrating that this Court has subject matter jurisdiction in this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand Action to the Circuit Court of St. Louis County, Doc. [11], is **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending Motions in this case are **DENIED**.

A separate Order of Remand shall accompany this Memorandum and Order.

Dated this 9th day of July, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE